UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICK KRISEMAN and KERRY
KRISEMAN, individually and on
behalf of all similarly situated
individuals,

        Plaintiffs,

v.                          Case No: 8:25-cv-02937-MSS-TGW

GENERAL MOTORS, LLC,

        Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant General Motors LLC's Motion to Compel Arbitration, (Dkt. 25), and the response in opposition thereto of Plaintiffs Rick Kriseman and Kerry Kriseman. (Dkt. 38) Upon consideration of all relevant filings, case law and being otherwise fully advised, the Court **DENIES** Defendant's Motion.

I.    **Discussion**

Plaintiffs and nonparty Morse Operations Inc. ("Ed Morse Cadillac"), a car dealership, entered a Closed End Motor Vehicle Lease (with Arbitration Provision) (the "Lease Agreement"), (Dkt. 25-1),[1] whereby Plaintiffs leased an electric vehicle

---

[1] Much of the Lease Agreement submitted to the Court is redacted and, as a result, the redacted portion is not considered by the Court to the extent it might bear on the Court's resolution of Defendant's Motion.

from Ed Morse Cadillac. (Dkts. 25 at 1; 25-1 at 1-3, 7; 38 at 2-3) Plaintiffs also bought

an electric home vehicle charger from Ed Morse Cadillac. (Dkts. 25 at 1-2; 38 at 2-3)

In their Amended Complaint, (Dkt. 37), Plaintiffs contend that the charger is defective

and they seek class relief against Defendant, which allegedly sold such chargers to class

members or furnished them to authorized stores and dealerships for sale to class

members. (Dkt. 37 at 1-2)

Defendant contends that Plaintiffs consented to binding arbitration of their

claims against Defendant when Plaintiffs and Ed Morse Cadillac entered the Lease

Agreement, which contains an arbitration clause. (Dkts. 25 at 2; 25-1 at 7) The

arbitration clause in the Lease Agreement provides, in part, as follows:

**ARBITRATION PROVISION**

**IMPORTANT • AFFECTS YOUR LEGAL RIGHTS**

…

In this Arbitration Provision, **"we", "us" or "our" mean the Lessor,[2] and includes our parents, affiliates, subsidiaries, officers, employees, agents, successors, or assigns**.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), **between you and us**, which arises out of or relates to your credit application, the Vehicle, this Lease, **or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action**.

(Dkt. 21-5 at 7 (emphasis added))

---

[2] The Lease Agreement states that the "Lessor's Name" is "Morse Operations Inc. DBA Ed Morse Cadillac[.]" (Dkt. 25-1 at 3, 7)

The Federal Arbitration Act ("FAA") provides a federal "policy favoring arbitration." Morgan v. Sundance, Inc., 596 U.S. 411, 414 (2022). Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983). The FAA gives arbitration agreements the same effect as other contracts, and courts apply the law of the state where the arbitration agreement was entered to determine the contract's validity. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367–68 (11th Cir. 2005). The party seeking to compel arbitration must "identif[y] . . . language in the" contract "that makes the arbitration provision apply" to the dispute. Baptist Hosp. of Miami, Inc. v. Medica Healthcare Plans, Inc., 376 F. Supp. 3d 1298, 1308 (S.D. Fla. 2019) (citations omitted). The Parties do not appear to dispute that Florida law applies in this dispute, (see generally Dkts. 25; 38), and under Florida law an arbitration clause is enforceable where (1) a valid written arbitration agreement exists, (2) an arbitrable issue is involved, and (3) the right to arbitrate has not been waived. Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 464 (Fla. 2011) (citing Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999)). No party asserts there is an arbitration agreement between Plaintiffs and Defendant. The Arbitration Provision expressly limits enforcement to controversies between Plaintiffs and "us," a term defined in the Arbitration Provision. It does not by its terms apply to controversies between Plaintiffs and any other person or entity. Cf. Beck Auto Sales, Inc. v. Asbury Jax Ford, LLC,

249 So. 3d 765, 768 (Fla. 1st DCA 2018) ("At bottom, the Beck dealership was not a party to the arbitration agreement, so disputes with it fall outside of the agreement's general scope.").

It is true that the Arbitration Provision provides for arbitration of "[a]ny claim or dispute, . . . between you and us, which arises out of or relates to . . . any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease) . . . ." (Dkt. 25-1 at 7) However, again, the Arbitration Provision defines "us" to "mean the Lessor," i.e., Ed Morse Cadillac, (id. at 3, 7), "and includes [its] parents, affiliates, subsidiaries, officers, employees, agents, successors, or assigns." (Id. at 7) As "a pure matter of contractual interpretation[,]" Beck, 249 So. 3d at 768, the Arbitration Provision does not enable arbitration of any controversy between Plaintiffs and a person other than "us," as defined in the Arbitration Provision no matter what the impetus of the dispute is.

Defendant advances no argument that it is a parent, affiliate, subsidiary, officer, employee, agent, successor, or assign of Ed Morse Cadillac. In fact, Defendant does not acknowledge the Arbitration Provision's limitation that it provides for arbitration of a claim or dispute "between you and us." (Dkt. 25-1 at 7) This "between you and us" limitation restricts the universe of claims or disputes subject to compelled arbitration even if the claim or dispute falls within the scope of the Arbitration Provision (because the claim or dispute "arises out of or relates to [Plaintiffs'] credit application, the Vehicle, this Lease, or any resulting transaction or relationship

(including any such relationship with third parties who do not sign this Lease) . . . .").

(Dkt. 25-1 at 7)

On the record before it, the Court cannot find that Defendant is a parent, affiliate, subsidiary, officer, employee, agent, successor, or assign of Ed Morse Cadillac. No paper submitted to the Court establishes that Defendant falls in any such category. Accordingly, unless an exception applies, Defendant's Motion is due to be denied on the basis there is no valid arbitration agreement between Defendant and Plaintiffs.[3]

Instead, Defendant advances the argument that it may enforce the Arbitration Provision as a third-party beneficiary.[4] (Dkt. 25 at 5-6, 11-12) Florida courts hold that, "even if the subject matter of the controversy falls within an arbitration clause's scope, '[n]on-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate *unless it is determined that they are a third party beneficiary to the contract.*'" Morsi v. Wellington Reg'l Med. Ctr., LLC, 419 So. 3d 93, 96 (Fla. 4th DCA

---

[3] The Arbitration Provision's delegation clause does not displace the Court's responsibility to determine whether Defendant, a non-signatory, can compel arbitration. See Riley v. Gen. Motors, LLC, 664 F. Supp. 3d 1336, 1350 (M.D. Fla. 2023) ("GM argues a delegation clause in the Provision means that issues of arbitrability, including whether GM can enforce the Agreement as a non-signatory, are for an arbitrator to decide . . . . But GM is not a signatory to the Agreement, so whether GM can enforce the Provision . . . is a question for this Court.") (footnote and internal citations omitted); see also Cousins v. Sch. Bd. of Orange Cnty., Fla., 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023) (district court "is not obligated to address arguments raised in passing in a footnote . . . .") (citations omitted).

[4] Defendant also advances argument rooted in the Arbitration Provision's expansive scope to overcome its status as a non-signatory to the Lease Agreement, (Dkt. 25 at 5-11), but Defendant marshals no authority that enables the Court to override the Arbitration Provision's "between you and us" limitation.

2025) (emphasis in original) (quoting Fla. Power & Light Co. v. Rd. Rock, Inc., 920

So. 2d 201, 203 (Fla. 4th DCA 2006)), reh'g denied (Sept. 10, 2025). And,

> Under Florida law, a third party is an intended beneficiary of a contract between two other parties **only if a direct and primary object of the contracting parties** was to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely 'incidental,' and the third party has no legally enforceable right in the subject matter of the contract.

Ahmed v. Hamilton Ins. DAC, 409 So. 3d 704, 708 (Fla. 3d DCA 2025) (emphasis

added) (quoting Bochese v. Town of Ponce Inlet, 405 F.3d 964, 982 (11th Cir. 2005));

accord Mims v. Glob. Credit & Collection Corp., 803 F. Supp. 2d 1349, 1354 (S.D.

Fla. 2011) (quoting Bochese, 405 F.3d at 983).

On the record before it the Court cannot hold that the third-party beneficiary

exception applies to Defendant. There is no indication in the record that in entering

the Lease Agreement, which provides for Plaintiffs to lease a vehicle owned by Ed

Morse Cadillac, a "direct and primary object" of Plaintiffs and Ed Morse Cadillac was

to confer a benefit on Defendant.[5] See Bochese, 405 F.3d at 982. No other available

provision of the Lease Agreement, or other evidence before the Court, suggests that a

direct and primary object of Plaintiffs and Ed Morse Cadillac was to confer a benefit

on Defendant when they entered the Lease Agreement. See id.; see also Riley, 664 F.

Supp. 3d at 1351, 1351 n.15; Garn v. S. Fla. Stadium LLC, No. 24-25087-CV, 2025

WL 1279071, at *5 (S.D. Fla. Mar. 26, 2025) ("[A] few vague allusions to a broad

---

[5] The Court repeats that the copy of the Lease Agreement submitted to the Court is heavily redacted; accordingly, the Court cannot consider any mention of Defendant that might exist in the redacted portion. (Dkt. 25-1 at 3-4)

group is not sufficient to establish a third-party beneficiary relationship . . . .") (citations omitted). As one court explained, "[i]n the absence of any specific mention of the third party, it would be extraordinarily difficult for that party to establish that under Florida law he was an intended beneficiary . . . ." Liu v. Wu, No. 23-21541-CV, 2024 WL 516960, at *5 (S.D. Fla. Jan. 5, 2024) (cleaned up; citation omitted).

The Lease Agreement is clear. Its Arbitration Provision applies only to claims or disputes between Plaintiffs and Ed Morse Cadillac or its parents, affiliates, subsidiaries, officers, employees, agents, successors, or assigns. Even disputes that arise from "any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease)" do not fall within the parameters of the arbitration clause unless they are "between you and us"—that is, Plaintiffs and Ed Morse Cadillac. On the record before it, the Court cannot conclude that Defendant falls within the definition of "us" as a parent, affiliate, subsidiary, officer, employee, agent, successor, or assign of Ed Morse Cadillac. Because Defendant has advanced insufficient grounds to enforce the Arbitration Provision as a non-signatory or third party beneficiary, the Court does not reach the question of whether the dispute between Defendant and Plaintiffs would be covered by the scope of that Arbitration Provision, or whether such question would properly be resolved by the Court rather than an arbitrator. See Riley, 664 F. Supp. 3d at 1351 n.16. On this record, the Court cannot compel arbitration of this matter.

## II.     Conclusion

Upon consideration of the foregoing, Defendant General Motors LLC's Motion

to Compel Arbitration, (Dkt. 25), is **DENIED**.

**DONE and ORDERED** in Tampa, Florida this 10th day of March 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party

8